**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| NICHOLAS HARRISON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| *v.* ) | |
| ) | No. 1:18-CV-00641-LMB-IDD |
| JAMES N. MATTIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**JOINT PROPOSED DISCOVERY PLAN**

The parties, through the undersigned counsel, pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, respectfully submit this Joint Proposed Discovery Plan to the Court. The parties have conferred pursuant to Fed. R. Civ. P. 26(f) regarding the conduct of discovery in this case, and they respectfully set forth their positions below.

**Plaintiffs' Position as to the Applicability of the Administrative Procedure Act (APA):**

This case presents a constitutional challenge regarding the military's policies that discriminate against people living with HIV. Compl. ECF No. 1, ¶¶ 71-78. It is therefore ***not*** subject to the Administrative Procedure Act's ("APA") limitations on discovery. Plaintiffs are asserting claims under the Fifth Amendment, not the APA. *See Davis v. Passman*, 442 U.S. 228, 242 (1979) ("[T]his Court has already settled that a cause of action may be implied directly under the equal protection component of the Due Process Clause of the Fifth Amendment in favor of those who seek to enforce this constitutional right."). This is a facial, as well as an as-applied, challenge to the military's discriminatory HIV policies. Compl. ECF No. 1, ¶ 5. There

1

are simply no grounds for transforming Plaintiffs' constitutional challenge into a claim under the APA and consequently limiting discovery.

Defendants' argument that discovery should be limited to the administrative record reflects the government's recent attempts to invoke the APA to limit discovery in similar cases involving constitutional challenges. These have been soundly rejected. In *Doe v. Trump*, one of the four cases challenging the ban on military service by transgender individuals as unconstitutional under the Fifth Amendment, the government argued that discovery was not appropriate. The Court found this was "not correct." *Doe v. Trump*, No. 17-1597 (D.D.C. Apr. 18, 2018) ("Plaintiffs assert claims under the Fifth Amendment to the United States Constitution. They do not assert any claim under the APA. None of the cases cited by Defendants hold that Plaintiffs are required to proceed under the APA, nor do they hold that discovery in this constitutional challenge should be limited to an administrative record.") (citations omitted).

As in the *Doe* case, Plaintiffs here are entitled to engage in robust and comprehensive discovery to support their claims in this case. Indeed, this case requires a thorough and complete record, as Judge Brinkema indicated at the September 14, 2018, hearing.[1] Again, Plaintiffs have alleged that Defendants' accessions policies and practices discriminate impermissibly against people living with HIV. *See* Compl. ECF No. 1, ¶ 72. Plaintiffs are entitled to discover evidence to support these allegations, and that information is not going to be available in the "administrative record compiled by Defendants." Defendants claim that "even with the significant advances in HIV treatment, the unique demands and challenges of military service have led DoD to determine that it is necessary to generally prohibit HIV-positive persons from being appointed, enlisted, or inducted into the Service." Defs.' Reply Mem. in Support of Mot. to

---

[1] The transcript for the hearing has not yet been made available.

Dismiss, ECF No. 53, at 15.  Discovery is needed to understand fully what went into this determination, including what "unique demands and challenges of military service" allegedly cannot be met by persons living with HIV. Extensive expert discovery will also be necessary to determine whether the DoD's policies reflect an evidence-based, medically accurate understanding regarding HIV contraction, transmission, and treatment. Additionally, there is no administrative record to assess the broader claims brought before the Court by OutServe as a Plaintiff. *See* Compl. ECF No. 1, ¶¶ 69-70.

Unlike the cases cited by the defense, this case presents a pure constitutional claim, not an amalgam of APA and constitutional claims. Even if the APA is applicable, Plaintiffs are entitled to full discovery.  *See Puerto Rico Public Hous*. 59 F.Supp.2d 310 at 322 (quoting *Webster v. Doe*, 486 U.S. 592, 604 (1988)) ("The United States Supreme Court has held that a plaintiff who is entitled to judicial review of its constitutional claims under the APA is entitled to discovery in connection with those claims.").  Indeed, the APA itself does not preclude the courts from making an independent assessment of constitutional claims.  *See Porter v. Califano*, 592 F.2d 770, 780 (5th Cir. 1979) ("The intent of Congress in 5 U.S.C. § 706(2)(B) was that courts should make an independent assessment of a citizen's claim of constitutional right when reviewing agency decision-making… section 706(2)(B) explicitly authorizes the court to set aside any agency action 'contrary to constitutional right.'").  This is sound policy as courts, not agencies, are experts in interpreting the U.S. Constitution.  *See Porter*, 592 F.2d 770 at n15 ("Independent judicial judgment is especially appropriate in the First Amendment area. Judicial deference to agency factfinding and decision-making is generally premised on the existence of agency expertise in a particular specialized or technical area.  But in general, courts, not agencies, are expert on the First Amendment.").

**Defendants' position as to the applicability of the APA:**

This case concerns Plaintiffs challenges to alleged "current military policies that discriminate against people living with the human immunodeficiency virus (HIV)," *see* Compl. at 1, ECF No. 1, and in particular a policy that prohibits individuals with HIV from becoming commissioned as officers, *see* Def.s' Opp. to Pls.' Mot. for Prelim. Inj. and Mem. in Supp. of Mot. to Dismiss at 20-21, ECF No. 43. As set forth below, these claims should be reviewed on an administrative record compiled by Defendants and discovery should not be permitted.

The Administrative Procedure Act (APA) provides the proper vehicle to raise constitutional challenges to agency action, including agency policies. *See* 5 U.S.C. § 706(2)(B) ("The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . contrary to constitutional right, power, privilege, or immunity."); *see also Robbins v. BLM*, 438 F.3d 1074, 1085 (10th Cir. 2006) (reviewing a procedural due process claim "under the framework set forth in the APA"). The APA is generally the only avenue for judicial review of the actions of Executive Branch agencies. *See Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1237 (D.N.M. 2014) (quoting *Webster v. Doe*, 486 U.S. 592, 607 n.1 (1988) (Scalia, J., dissenting) (["A]t least with respect to all entities that come within the Chapter's definition of 'agency,' *see* 5 U.S.C. § 701(b), if review is not available under the APA it is not available at all."). Challenges to agency action under the APA are limited to an administrative record, the Court's review should be based on that record, and thus discovery should not be permitted. *See* 5 U.S.C. § 706 (in determining whether an agency action is unlawful because it is "contrary to a constitutional right," the "court shall review the whole record or those parts of it cited by a party"); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 802–03 (E.D. Va. 2008) (finding that "the administrative record is sufficient for the Court to render a

4

final decision as to the constitutionality of the Final Rules under the Patent Clause" of the Constitution and that "the wide-ranging discovery [the plaintiff] seeks exceeds the scope of what is permitted by 5 U.S.C. § 706(2)(B) review"); *N. Arapaho Tribe v. Ashe*, 92 F. Supp. 3d 1160, 1171 (D. Wyo. 2015) (finding that "when conducting constitutional review of agency action, a court must limit its review to the administrative record unless an exception applies").

This rule applies even where, as here, a plaintiff has not properly labeled a claim as proceeding under the APA.[2] *See Ketcham v. U.S. Nat'l Park Serv.*, 2016 WL 4268346, at *2 (D. Wyo. Mar. 29, 2016) (holding that judicial review in First Amendment claim must proceed pursuant to the APA and reasoning that "[t]o distinguish between a 'stand-alone constitutional challenge' and an 'APA challenge,' as urged by Plaintiffs, would run afoul of Congress's intent" of having review of agency actions governed by the APA); *see also Chiayu Chang v. U.S. Citizenship & Immigration Services*, 254 F. Supp. 3d 160, 161-62 (D.D.C. 2017) ("The APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on . . . constitutional deficiencies was entitled to broad-ranging discovery." (quoting *Harvard Pilgrim Health Care v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004))). To hold otherwise would render meaningless § 706(2)(B) of the APA authorizing constitutional challenges to final agency actions and would allow a plaintiff to avoid review under the APA by simply omitting reference to the statute in the complaint. *See Brown v. GSA*, 425 U.S. 820, 833

---

[2] The fact that Plaintiffs are challenging a military policy further supports this conclusion. *See Steffan v. Perry*, 41 F.3d 677, 699 (D.C. Cir. 1994) (Randoph, J., concurring) ("It is the military's grounds for decision that are decisive. The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." (citation omitted)); *Steffan v. Cheney*, 920 F.2d 74, 76 (D.C. Cir. 1990) ("Judicial review of an administrative action is confined to the grounds upon which the record discloses that the action was based. . . . This rule applies with equal force to judicial review of administrative actions by the military." (internal brackets, citation, ellipses, and quotation marks omitted)).

(1976) ("It would require the suspension of disbelief to ascribe to Congress the design to allow its careful and thorough remedial scheme to be circumvented by artful pleading.").

**Agreed upon schedule if the APA does not apply:**

The parties submit the following agreed upon schedule if the Court concludes the APA does not apply:

1. Initial Disclosures. The parties will exchange disclosures required by Fed. R. Civ. P. 26(a)(1)(A) by November 2, 2018.

2. Joinder of Parties. The parties do not anticipate the joinder of additional parties.

3. Amendment of Pleadings. The parties do not anticipate the filing of amended pleadings.

4. Discovery.

    a. Any discovery to be undertaken will be commenced in time to be completed by the close of discovery in this case on February 15, 2019, pursuant to the Court's Order of October 4, 2018 (Dkt. 64).

    b. Interrogatories: Each party may serve to any other party a maximum of thirty (30) interrogatories, including parts and subparts, without leave of court. The responses shall be due thirty (30) calendar days after service.

    c. Depositions: Each party may take a maximum of five (5) non-party, non-expert depositions, without leave of court. Each deposition shall be limited to a maximum of one (1) day of seven (7) hours of actual testimony, unless extended by agreement of the parties or Order of the Court. The parties agree that they will make reasonable efforts to agree on dates for any depositions convenient to the deponent, counsel, and the parties.

    d. Protective Order: The parties will confer in good faith to agree on the terms of a draft protective order to propose to the Court by November 2, 2018.

    e. Document Subpoenas: The parties agree that if any documents are received from third parties pursuant to subpoena or request pursuant to the Freedom of Information Act that is relevant to this case, the receiving party shall alert the remaining parties to the receipt of such documents within five (5) days of receipt and shall make the received documents available for inspection and copying.

5. Expert Witnesses

    a.    Plaintiff shall disclose any experts who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) on or before December 17, 2018.

    b.    The Defendants shall disclose any experts who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) on or before January 16, 2019.

    c.    Plaintiff shall disclose any rebuttal to the Defendants' disclosures on or before January 31, 2019.

    d.    The retention and production of electronic media in the possession of testifying experts retained by the parties shall be governed by the Federal Rules of Civil Procedure.

6. <u>Electronically Stored Information</u>. The parties will confer in good faith to agree on the terms of an electronically stored information ("ESI") order to propose to the Court by November 2, 2018.

7. <u>Issues Regarding Privilege</u>.

    a.    Inadvertent disclosure: The production of privileged or protected documents (including electronic documents) without the intent to waive that privilege or protection does not constitute a waiver, so long as the disclosing party identifies the inadvertently disclosed documents within a reasonable time. If such documents are identified, they will be returned promptly to the disclosing party. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

    b.    Privilege Logs: Unless otherwise agreed, the parties shall serve a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) no later than one week following the production of documents. The privilege log shall identify: (a) the date of the privileged information; (b) the author(s) of the privileged information; (c) the recipient(s) of the privileged information; (d) the subject matter of the privileged information; and (e) the basis of the claim of privilege. This includes all claims of privilege, including deliberative process privilege, presidential privilege, and executive privilege.

    c.    Privileged communications between counsel, or between parties and their counsel: The parties agree that they shall not seek discovery of documents that are privileged because they are sent solely between counsel for either party, or that are privileged because they are sent between a party and that party's counsel. If any discovery request is susceptible of a construction that calls for the production of such documents, those documents need not be produced or identified on any privilege log.

    d.    Classified information:  The Government takes the position that with respect to discovery of electronic documents, certain technical matters regarding the

    functioning and capabilities of Department of Defense ("DoD") and Army systems are privileged, law enforcement sensitive, and, in some circumstances, such information may be classified national security information. Pursuant to Federal Rule of Civil Procedure 26(b)(1), and subject to privilege and classification objections, DoD and the Army, by and through undersigned counsel and other representatives, will utilize best efforts to disclose all non-classified, non-privileged material that is relevant to any party's claims or defenses and proportional to the needs of this case. The parties reserve their rights to seek any and all discovery to which they are entitled under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia.

8. <u>Preservation and Retention of Documents</u>. Counsel for the parties have instructed their clients to retain and preserve documents, information, and things (including ESI) that may be relevant to the subject matter of this lawsuit.

9. <u>Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses</u>. All pleadings, motions, and other papers that are filed are to be served electronically as provided for by the Federal Rules and the Local Rules. In addition, the parties agree that they will serve by email all discovery requests and written responses and any other papers that are not filed, unless doing so is not technically feasible, in which case those documents will be served via first-class mail or overnight delivery.

10. <u>Settlement</u>. If the parties believe that any settlement discussions may be aided by a settlement conference with the presiding Magistrate Judge, they will arrange to schedule such a conference at time convenient for the Court.

11. <u>Trial Before Magistrate</u>. The parties do not consent to the trial of this matter by a United States Magistrate Judge.

Dated: October 19, 2018

Respectfully submitted,

By <u>/s/ Andrew R. Sommer</u>            By <u>/s/ R. Trent McCotter</u>

| | |
|---|---|
| Andrew R. Sommer | Joseph H. Hunt |
| Virginia State Bar No. 70304 | Assistant Attorney General |
| ASommer@winston.com | Civil Division |
| Cyrus T. Frelinghuysen (pro hac vice) | |
| CFrelinghuysen@winston.com | Anthony J. Coppolino |
| John W.H. Harding | Deputy Director |
| Virginia State Bar No. 87602 | Federal Programs Branch |
| JWHarding@winston.com | |
| WINSTON & STRAWN LLP | Nathan M. Swinton |
| 1700 K St., NW | Senior Trial Counsel |
| Washington, DC 20006 | U.S. Department of Justice |

8

T: (202) 282-5000

Scott A. Schoettes (pro hac vice)
SSchoettes@lambdalegal.org
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
105 W. Adams, Suite 2600
Chicago, IL 60603
T: (312) 663-4413

Anthony Pinggera (pro hac vice)
APinggera@lambdalegal.org
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
4221 Wilshire Blvd, Suite 280
Los Angeles, CA 90010
T: (213) 382-7600

Peter E. Perkowski (pro hac vice)
PeterP@outserve.org
OUTSERVE-SLDN, INC.
P.O. Box 65301
Washington, DC 20035-5301
T: (800) 538-7418

*Counsel for Plaintiffs*

Civil Division
Federal Programs Branch
20 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 305-7667
Facsimile: (202 616-8460
Nathan.M.Swinton@usdoj.gov

R. Trent McCotter
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3845
Facsimile: (703) 299-3983
trent.mccotter@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October 2018, I caused the foregoing to be filed electronically using the Court's CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

Dated: October 19, 2018          Respectfully submitted,

/s/ *Andrew R. Sommer*
Andrew R. Sommer