IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NICHOLAS HARRISON, ET AL.,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>MARK T. ESPER, ET AL.,<br>　　　　　　Defendants. | CIVIL ACTION NO. 1:18-cv-00641(LMB/IDD) |

**PLAINTIFF HARRISON'S MOTION FOR CLARIFICATION OF ORDER DATED APRIL 6, 2022 (AS AMENDED MAY 10, 2022)**

Pursuant to Local Civil Rule 7, Plaintiff Nicholas Harrison respectfully moves this Court for a clarification of the date by which Defendants must complete their reevaluation of Plaintiff's application to commission in the Judge Advocate General (JAG) Corps for the District of Columbia National Guard in a manner consistent with the Court's order of April 6, 2022 (as amended May 10, 2022). The grounds supporting this motion, which are explained further in the accompanying memorandum, are:

　　1.　　On April 6, 2022, in an Order that struck down Defendants' unconstitutional policies that prevented Sergeant Harrison from commissioning as an officer, this Court ordered Defendants to consider Plaintiff's application anew "in a manner consistent with the injunctive relief awarded to plaintiffs in this Order." Dkt. No. 308.

　　2.　　Though almost a year has passed since this Court's order, Defendants still have not made a decision on Sergeant Harrison's application, which was first submitted nearly ten years ago.

3. The lack of a decision on the application has forced Sergeant Harrison to put his life on hold while he awaits the results of the review of his application.

4. In the summer of 2022, after repeated communications from Sergeant Harrison counsel, Defendants informed Plaintiff that if he wished to be considered for a JAG commission, he would need to submit an entire new application and extend his enlistment. Sergeant Harrison submitted a new application and extended his enlistment for another six months. In January 2023, Sergeant Harrison inquired into the status of his application and was told that the initial steps of reviewing his application were still in progress, and that subsequent steps could take months to complete. Consequently, Sergeant Harrison extended his enlistment for another six months.

5. On March 22, 2023, Defendants informed Sergeant Harrison's counsel that certain initial steps had been completed, and that they hoped a decision would be made within the next two months—but they "cannot guarantee that notification of the results will occur within any particular timeframe."

6. Sergeant Harrison therefore seeks clarification from the Court of the time frame it contemplated for Defendants to comply with the Court's order of April 6, 2022, as amended May 10, 2022.

7. Federal courts have often considered and decided motions to clarify. *See, e.g., Courtland Co., Inc. v. Union Carbide Corp.*, 2021 WL 1083451, at *2 (S.D. W. Va. Mar. 19, 2021); *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011).

8. Sergeant Harrison has given Defendants ample time to comply with the order, and yet a year later, he has still not received a decision. Thus, modification of the order to include a deadline for a decision on the application is necessary and appropriate in the interests of justice.

Sergeant Harrison submits the accompanying memorandum of law, with attached exhibits, in support of this motion. He requests that the Court clarify the date by which Defendants must complete their review of his application in accordance with the Court's order and notify him of their decision.

Dated: April 5, 2023

Respectfully submitted,
*/s/ John W. H. Harding*
John W.H. Harding
Virginia State Bar No. 87602
JWHarding@winston.com
WINSTON & STRAWN LLP
1901 L St., NW
Washington, DC 20036
T: (202) 282-5000

## CERTIFICATE OF SERVICE

      I certify that, on April 5, 2023, I caused this document to be filed electronically through the Court's CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

Dated: April 5, 2023

Respectfully submitted,

/s/ *John W. H. Harding*
John W.H. Harding